## THE BOARD OF COUNTY COMMISSIONERS OF SWEETWATER COUNTY *v.* JOHNSON.

FEES : JAILER.—Chapter 49, section 12 of the Compiled Laws provides, " That for any service rendered by an officer wherein no fees are allowed by this act, nor any other act or provision of law, such officer shall be allowed a reasonable compensation therefor." *Held*, this provision did not apply to the payment for services of a jailer who had been hired by the sheriff.

ERROR to the District Court of Sweetwater County.

The origin of this case was a bill presented against said Sweetwater county on the 6th day of May, 1879, by defendant in error, which was as follows:

" The county of Sweetwater, Wyo. Ter.,                    Dr.
    To W. A. Johnson, Sheriff in and for Sweetwater County, Wyoming Territory, to services of Frank Shulter as jailer for the months of January, February and March, 1879, at $90.00 per month,                              $270.00.

The county commissioners rejected the bill and Johnson appealed to the district court, where he filed a petition setting forth his cause of action. The defendant, the board of commissioners, filed a demurrer to the petition on the ground that the facts stated in the petition did not constitute a cause of action. The court overruled the demurrer, the defendant then answered denying all the allegations of the petition. The case was tried by a jury, resulting in a verdict for the plaintiff below for $270.00 and costs.

*L. B. Gibson* and *W. W. Corlett*, for plaintiff in error.

The first error assigned, to which the attention of this court is now invited, was the action of the said district court in overruling the demurrer of the defendant in the said district court to the petition of the plaintiff. It seems from the said petition that the plaintiff employed a jailer to take charge of the jail in Sweetwater county, whereof the plaintiff was sheriff, for the months of January, February and March, 1879, and paid him $90.00 per month for that time, and now claims the right to recover that sum from the county. The plaintiff further alleges that he was compelled to hire said jailer, in addition to his regular deputy, in order to keep prisoners, by reason of the jail of the county being defective.

We hold that if all these facts were true, they furnish no ground of recovery in this action; that it is the duty of the sheriff of that county to keep and maintain the prisoners in said county properly and safely for the sum of seventy-five cents per day for each prisoner and for the salary payable to said sheriff by said county, and that if, for any reason, it became necessary for him to hire a jailer he was bound to pay the jailer himself, and has no claim against the county for the sum so paid. The general powers of a sheriff are prescribed by Article IV. of an act defining the duties of county officers. Compiled Laws, pp. 211, 212, 213. Section 4 of said article is as follows:

" The sheriff shall have charge and custody of the jails of his county, and of the provisions in the same, and shall keep them himself, or by his deputy, or jailer, whom he may appoint specially for that purpose, and for whose acts he and his sureties shall be liable."

Chapter 66 of the Compiled Laws, page 380, provides especially for the erection of the jails and the manner in which they shall be kept, and also prescribes the authority that shall cause them to be erected and kept in repair. Section 6 of said last named act provides that the sheriff shall provide medical attendance and certain other necessaries for the jail which shall constitute a charge against the county.     Article I. of the aforesaid act, defining the duties of county officers, defines the duties of the board of county commissioners, and expressly vests that board with the authority to keep the jail in repair, and further provides in whom the power to act for and bind the county shall reside. See Compiled Laws, pp. 202—206, sections 1, 2, 3, 4, 5, 6, 9, 11, 15, 21.     Originally the sheriff was paid one dollar per day for keeping each prisoner in his custody, see Compiled Laws, p. 342, sec. 2 ; and until Jan. 1st, 1878, was paid for his services by fees and commissions.

On Dec. 15, 1877, the legislature passed a law regulating the compensation of sheriff of Sweetwater county, which was as follows :

" Sec. 2.     The sheriff of said county shall be entitled to the following annual salary and allowances, to-wit : Three thousand dollars per annum, and one deputy at one thousand and two hundred dollars per annum; *he shall have charge of the jail of said county and of all prisoners confined therein ; he shall be paid seventy-five cents per day for the keeping and maintenance of said prisoners ;* the same shall be submitted to the board of county commissioners at least once in each month, and before being paid shall be audited and allowed by said board, and shall be paid immediately upon allowance : *Provided,* that no sheriff shall be charged rent for any county building occupied by him as a residence.

He shall receive fifteen cents per mile for each mile actually traveled in the discharge of his official duty; for executing judgment in capital cases he shall receive the sum of one hundred dollars, covering all expenses for himself and deputies." Session Laws, 1877, page 110.

By the first section of the act last named it was declared that the salaries and allowances therein provided for should be in lieu of all fees now provided by law, as provided in an act regulating the fees of officers approved Dec. 10, 1869, which act here referred to fixed the pay for keeping prisoners at one dollar per day. Said act approved Dec. 15, 1877, took effect Jan. 1, 1878.

It is not pretended that any law of this Territory *expressly* provides for the payment of any compensation to the sheriff of a county to pay a jailer or deputy for taking care of the jail and the prisoners therein, but it is insisted that the sheriff can make himself the judge of the necessity which may in any given case exist for employing a jailer, and may employ such jailer and recover from the county the amount so paid. We deny the doctrine *in toto*, and assert, on the contrary, that as public officers are mere agents of the public, they have no powers except such as the public through the statutes have given them, and cannot establish an obligation against the public, unless some statute exists authorizing them to do so; and we insist that where officers have duties to perform under the law, they must perform them for such compensation as the law itself has provided, be that compensation much or little; that if an officer is paid by fees or salary, or by both fees and salary, he can only receive compensation as fixed by statute; that no fees are allowed upon an implication, and that if a duty is enjoined upon an officer for which no salary or fees are provided, he must perform the duty without compensation—or rather, the law considers in such a case that the compensation attached to certain services is sufficient for all services which the officer may be called on to render.

" Officers take their offices *cum onere,* and services required

of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services."

" Where a statute gives a fee to the sheriff or other officer for the service of process, and there is nothing in any statute showing a different intention, no other or further fees can be charged, and the county board of supervisors has no authority to make extra allowance to the officer for such services." *Crocker* v. *The Supervisors of Brown County*, 35 Wis., 284 ; *Hartwell* v. *The Supervisors of Waukesha County*, 43 Wis., 311 ; *Crassen* v. *Waco County*, 6 Oregon., 215 ; Dillon on Municipal Corporations, secs. 172–3 ; *Debolt* v. *Trustees, &c.*, 7 Ohio S., 237 ; *Carroll* v. *St. Louis*, 12 Missouri, 444, 288 ; *Ex-parte Minier*, 2 Hill, 411 ; *Board of County Com.* v. *Blake*, 21 Ind., 32 ; *Grabb* v. *Louisa County*, 40 Iowa, 314 ; *Atchison County* v. *Tomlinson*, 9 Kan., 167 ; *Republic County* v. *Kindt*, 16 Kan., 157.

The second exception in the record (p. 29, lines 1 to 8,) involves the same question already considered, it being an objection to any evidence being received on the ground that no cause of action was stated in the petition.

The next exception is found on pp. 34, 35 of the record, from which it appears that the plaintiff was asked this question : " State whether or not, in your opinion, Mr. Johnson, it was possible to keep those people confined there without engaging an extra person—from your own experience and knowledge." The defendant objected to this question on the grounds that it was incompetent, immaterial and irrelevant, which objection was overruled and exception taken, (lines 20 to 28, p. 34, and lines 1 to 19, p. 35,) and the witness answered in the negative. This evidence was immaterial for reasons already considered under another head, and was incompetent because it called for the opinion of the witness instead of the facts. The case was not one coming within the rules as to the admission of evidence of the opinion of experts. 1 Greenleaf on Evidence, sec. 440.

During the trial of the case the defendant offered in evi-

dence the report of the Grand Jury of said county for the October term of the district court, in the year 1878, to which objection was made by counsel for plaintiff, and which objection was sustained by the court and an exception taken by defendant. (Record, pp. 78, 79, 80.) This was relevant and proper evidence as bearing upon the question of the duty of the County Commissioners to repair the jail in question, under the act before referred to. See Compiled Laws, p. 380, sec. 2.

Upon the trial of the case the court, at the request of the plaintiff, gave the following charge to the jury, to which the defendant objected and excepted :

" It is the duty of the county commissioners to furnish the sheriff a safe, secure and well constructed jail for the safe keeping of prisoners, and if you find from the evidence that the jail was in an unsafe, insecure and defective condition during the time specified, then the plaintiff was bound to use all lawful means necessary to keep the prisoners, and he is entitled to recover any amount he necessarily expended for the purpose." This instruction involves substantially the same question considered under the first assignment of error.

The court also instructed the jury upon the request of the plaintiff as follows, to which the defendant objected and excepted :

" The salary allowed by law to the sheriff is for his own personal services, and he is not obliged by law to pay any part of it towards defraying county expenses." This instruction is subject to the criticism already made under the last point, and is erroneous in another respect.   Under this instruction if a sheriff should perform any service by deputy, other than the single deputy, who is paid $1,200 per annum, he would not be bound to pay that deputy from his own salary. That this was clearly error will be perceived upon an examination of the several provisions of the statute bearing on the subject.   See Session Laws, 1877, p. 110 ;  Compiled Laws, pp. 342-3, 212, 213.

The court erred, as we claim, in overruling the plaintiff's motion for a new trial, because of the errors already enumerated, and for the further reason that the verdict was not sustained by sufficient evidence.    The jury rendered a verdict for $270.    The charge made by plaintiff against the county, was for the services of jailer for the months of January, February and March, 1879, at $90 per month, but according to the plaintiff's own testimony, the jailor was not employed until the 12th day of January, 1879.    The verdict was, therefore, excessive to the amount of $36.    The evidence also clearly failed to show any authority from the board of commissioners of Sweetwater County to employ a jailer and bind the county therefor.

*M. C. Brown*, for defendant in error.

· The only question raised by the record, to which I desire to call the attention of the court, is this, viz:    Is the sheriff of Sweetwater county entitled to pay from the plaintiff in error for the services of persons employed by him in the necessary discharge of his duties as sheriff, to perform unusual services, required by an emergency, and that are necessary in the due administration of the law ?    If yes, then there is no error in the record; if no, there is.    Whether there is or is not error depends chiefly upon a construction of the statute of the territory. · As bearing upon the question at issue see:    Session Laws, page 110 ; chapter 66 Compiled Laws, title, jails; Compiled Laws, page 212, secs. 4 and 5 ; also 342, 343, 346, secs. 2, 3 and 12.

When statutes, by express provision, repeal all others inconsistent with them, such clauses do not repeal acts not inconsistent, though relating to the same matter.    See Bishop on Statutory Crimes, secs. 152 and 126 ; *People* v. *Dunck*, 20 Cal., 94; *Lewis* v. *Stout*, 22 Wis., 225.    Repeal takes place to the extent of repugnances only, and repeals by implication are not favored by the courts.    See Bishop's Stat. Crimes, sec. 153 to 156 inclusive.

It will be seen that, according to Mr. Bishop, the great weight of authority in this country holds to this rule, as to repeal of statute, viz : The subsequent statute repeals the former, on *the same subject*, to the extent of the necessary conflict, and no further.   In this case, fees are the subject of one statute, and salary, the other, not being on the same subject, there is no repeal by implication.   Bishop's Stat. Crimes, sec. 165; Abbott's Law Dict., pages 256 and 484 ; *Kilgore* v. *People*, 76th Ill., 548; *Jefferson Co.* v. *Johnson*, 64th Ill., 149.   It may be that there is no repeal of the old statute by the new, because, without, there may be two measures of payment for officers; but clearly section 12, page 346, of Compiled Laws, is not repealed.   This being true, then when the sheriff is required to perform some unusual and necessary service, or where an emergency arises, and he is compelled to employ, for the public good, additional assistance and aid, he is entitled, under section 12, to a reasonable compensation from the county.

SENER, C. J.   In the month of May, 1879, W. A. Johnson, who was then the sheriff of Sweetwater county in this territory, presented to the county commissioners of Sweetwater county, a claim against said county in the words and figures following to wit :

" The county of Sweetwater, Wyo. Ter., Dr., to W. A. Johnson, sheriff in and for Sweetwater county, Wyoming Territory, to services of Frank Shulter, as jailer, for the months of January, February and March, 1879, at $90 per month, $270."

The county commissioners of said county disallowed said claim in whole, and thereupon the said W. A. Johnson in pursuance of secs. 17 and 18 of chapter 28 of the Compiled Laws of Wyoming, page 205, edition of 1876, appealed from the decision of said board to the district court of said county and filed a paper in the nature of a petition setting out his claim and the reason for its allowance by the court. The defendant, the county of Sweetwater, filed a demurrer

to said paper in the nature of a petition, on the ground that the paper or petition did not state facts sufficient to constitute a cause of action. The court below overruled this demurrer and the defendant excepted. Then followed an answer denying all the allegations in the petition; a trial by jury was had and a verdict against the county was rendered for the sum of $270.

Various exceptions were taken during the trial, but in my view of the case, it will be unnecessary to notice or pass upon them.

The first question presented by the transcript before us, and the first one to be decided was, did the court below err in overruling the defendant's demurrer? The defendant below, the plaintiff in error here, by demurring admitted all the facts as stated in the paper filed by the plaintiff below setting up his claim, but prayed the judgment of the court then and there if they constituted a cause of action in law for which the defendant there, the plaintiff in error here, was liable by verdict and judgment. The defendant in error here, and the plaintiff below by his counsel in argument here, though arguing with much ability the effect and scope of several acts of the legislature touching county officers, rested his right to have the demurrer overruled and so to be allowed to pave the way to sustain the judgment of the court below upon sec. 12, chap. 49 of the Compiled Laws of Wyoming, page 346, edition of 1876. The learned counsel for the defendant below, the plaintiff in error here, claimed that this section was repealed. Without deciding this affirmatively or negatively, let us consider for all the purposes of this case that sec. 12 as before described, of chap. 49, is operative and in existence; that it is a valid statute. It was the only one upon which the defendant in error really relied as sustaining his theory and as establishing his judgment in the court below.

That statute is in these words, " That for any services rendered by any officer wherein no fees are allowed by this act nor any other act or provision of law, such officers shall be allowed a reasonable compensation therefor."

It seems to me that the simple application of this statute to Johnson's claim must determine whether the demurrer was or was not rightly interposed in the court below. Johnson's claim was not for a service rendered by himself as such officer, for which he demanded compensation; but it was a claim in his name for services rendered, doubtless at his, Johnson's request, by another, to wit: one Frank Shulter, as jailer, for the months of January, February and March, 1879. The statute, conceding it to be operative, provides a reasonable compensation to any officer for service by such officer. The compensation is allowed such officer for services he may render; not services for himself by another. Applying the statute just as written, we find that Johnson presented to the county commissioners, and claimed from the county, no compensation for services rendered by himself; but his claim was for services rendered by another.

These being the undisputed facts, upon the condition of the law as by Johnson relied on, to wit: as stated in sec. 12 of the 49th chapter of the Code, I think there was no such sufficient statement of facts in the paper answering to the petition, as caused in Johnson s favor a legal claim for compensation in this proceeding against the county of Sweetwater, as ought to have been sent to the jury for allowance, or in any event, allowed; but that the court below ought to have sustained the defendant's demurrer there and then.

Wherefore I am of opinion that the judgment of the court below be reversed, and the case dismissed.

Judgment reversed.

BLAIR, J., dissenting.